FRATER *v.* HAMILTON COUNTY.

(*Knoxville.* November 7, 1891.)

EMINENT DOMAIN. *Damages for destruction of ingress and egress.*

The destruction of a lot-owner's easement of ingress and egress over a private street by the building of a county bridge is such taking of his property as entitles him to recovery of damages against the county.

*Question reserved:* Can lot-owner recover damages against county for destruction of his easement of ingress and egress over a public street by the erection of a county bridge?

FROM HAMILTON.

Appeal in error from Circuit Court of Hamilton County. JOHN A. MOON, J.

The plaintiffs, J. J. Frater and L. M. Elder, sued Hamilton County for $2,000 damages, averring that said county had, in building a public bridge, destroyed their easement of ingress and egress to and from their lots over certain streets and avenues, and thereby greatly depreciated the value of their property.

The suit was dismissed upon demurrer, and plaintiffs appealed.

COOK, E. FRAZIER & SWANEY for Frater.

DEWITT, THOMAS & DEWITT for Hamilton County.

LURTON, J.   Reverse and remand.   The declaration does not show that the bridge approaches are upon a public county road.   The inference is that a private street, laid off and dedicated by plaintiff's vendor, has been occupied by the approaches to the county bridge.   The right of condemnation for a public bridge approach is conferred upon the county by statute.   If private property has been taken without condemnation, the county is liable in an action for value of same, as if condemned. The complete destruction of ingress and egress would be a taking of private property within prohibition of Constitution.   This seems to be alleged to have been the case.   Mere incidental injuries to an abutter would not be recoverable where a street has been devoted to a public use.   The right of access and exit in the street must be taken in order to justify any recovery.   The Court does not decide, but reserves, the question as to, whether the destruction of easement of egress and ingress would not be a taking of private property, even if the easement was in a public county road, and by the county for public purposes.